**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4758
_____

ISAAC K. FULLMAN,
Appellant

v.

THOMAS KING KISTLER; MATTHEW SHUPENKO; JEFFREY HEFFRICH;
JEFFREY T. HITE; CAPT. JOHN PERRYMAN; LT. M. GORDON; JEANNA
ANANEA; KARLA MCCOOL; BRYAN CRAMER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:14-cv-01740)
District Judge:  Honorable Matthew W. Brann
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: June 24, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Isaac Fullman appeals pro se from the District Court's December 3, 2014 order dismissing, with prejudice, his civil rights complaint filed in Civil Action No. 4:14-cv-01740.[1] For the reasons that follow, we will affirm the District Court's order.

I.

In 2010, the Court of Common Pleas of Centre County, Pennsylvania, convicted Fullman of, inter alia, driving under the influence ("DUI") and driving while his license was suspended or revoked. Fullman was sentenced to a prison term of ten days to two years for the DUI offense, with a concurrent 90-day prison term for driving while his license was suspended/revoked. Fullman's efforts to attack that judgment on direct appeal and state court post-conviction review were unsuccessful.

Beginning in September 2012, Fullman filed a host of pro se civil complaints in the District Court. A little background about these other complaints is helpful to understanding the origin of the case at issue here. Each complaint concerned the traffic stop that led to his DUI arrest, his criminal proceedings, and/or events that arose while he was in prison serving his sentence. In that last category, Fullman alleged (as he did in his complaint here), that (1) he did not receive credit for the one day that he had spent in the custody of the Philadelphia Police Department, (2) he was not paid for the prison job that

---

[1] On that same day, the District Court dismissed a complaint filed by Fullman in another case (Civil Action No. 4:14-cv-01739). We address his appeal from that judgment in a separate opinion. See C.A. No. 14-4757.

he held in April and May 2012, and (3) a pair of his socks were lost and not replaced by the prison. Going forward, we will refer to these allegations as Claims 1, 2, and 3.

In March 2013, the District Court dismissed all but one of Fullman's cases (Civil Action No. 4:12-cv-01879) so that he could file one, all-inclusive complaint. In doing so, the District Court indicated that Fullman could not obtain injunctive relief with respect to Claim 1 because he was no longer in custody. Furthermore, the court concluded that Claims 2 and 3 failed to state a viable claim because his pleadings indicated that he had been afforded meaningful post-deprivation administrative remedies.

Shortly thereafter, Fullman filed his amended complaint in No. 4:12-cv-01879. The United States Magistrate Judge who was assigned to the case observed that

> this amended complaint is actually less complete than the initial flawed pleadings filed by [Fullman]. For example, the amended complaint contains no single case caption, and no clear or comprehensive recital of the defendants Fullman wishes to sue. Instead, the amended complaint appears to simply summarize the nine prior complaints, each of which was found to be flawed in a number of respects by the court.

(Mag. J. Report & Recommendation issued in Civ. Action No. 4:12-cv-01879 on May 16, 2013, at 2-3.) After reiterating some of the flaws found in Fullman's earlier complaints (but not the aforementioned flaws concerning Claims 1 through 3), the Magistrate Judge "recommended that the defective claims and improper parties named in the [amended] complaint be dismissed with prejudice." (Id. at 14.) The Magistrate Judge further recommended that "[s]ince Fullman's amended complaint otherwise defies comprehension or description, it is recommended that any remaining claims be

3

dismissed, but without prejudice to one final effort by Fullman to file a proper amended complaint." (Id. at 14-15.)

In June 2013, the District Court adopted the Magistrate Judge's recommendation in part and rejected it in part. The court agreed that dismissal was appropriate, but disagreed that further leave to amend should be granted. The court explained that the amended complaint would be dismissed with prejudice in its entirety "because Fullman has already been granted one opportunity to amend his complaint to state a claim, but, nevertheless, still failed to state a claim upon which relief could be granted, and because he failed to comply with this Court's [instructions in its March 2013 order for filing an amended complaint] . . . pursuant to Fed. R. Civ. P. 41(b)." (Dist. Ct. Order issued in Civ. Action No. 4:12-cv-01879 on June 12, 2013, at 2.)[2] The court's order itself, meanwhile, simply stated that "[t]he action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b)." (Id. at 3.)

Fullman did not appeal from the District Court's June 2013 order. Instead, in September 2014, he filed the complaint at issue here, reiterating Claims 1 through 3. The Magistrate Judge recommended that this new complaint be dismissed with prejudice, concluding that it was barred by the doctrine of collateral estoppel. On December 3, 2014, the District Court adopted that recommendation. Fullman now appeals from that latest order.

II.

_____

[2] Rule 41(b) provides for the involuntary dismissal of an action where the plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Fullman's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The doctrine of collateral estoppel, also known as issue preclusion, "prevents parties from relitigating an issue that has already been actually litigated." Peloro v. United States, 488 F.3d 163, 174 (3d Cir. 2007). This doctrine applies when "'(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment.'" Id. at 175 (quoting Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., 63 F.3d 1227, 1231-32 (3d Cir. 1995)). There might be some question whether all of these elements are satisfied here.[3] We need not resolve that question, however, because (1) the doctrine of collateral estoppel is not jurisdictional, see Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 170 (3d Cir. 2010), and (2) Claims 1 through 3 otherwise fail.

---

[3] As indicated above, neither the District Court nor the Magistrate Judge specifically discussed Claims 1 through 3 when reviewing Fullman's omnibus amended complaint. Additionally, the court's June 2013 dismissal of that pleading with prejudice was driven, at least in part, by Fullman's failure to comply with the court's earlier order. Accordingly, there may be a colorable argument that any determination as to Claims 1 through 3 was not "essential" to that dismissal. See Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n, 288 F.3d 519, 527 (3d Cir. 2002) ("[I]n determining whether the issue was essential to the judgment, we must look to whether the issue was critical to the judgment or merely dicta.") (internal quotation marks omitted).

Recall that Claim 1 alleges that Fullman's sentence was not credited for the one day that he spent in the Philadelphia Police Department's custody. To the extent that he wishes to obtain an injunction directing the award of that credit, the proper vehicle for seeking that relief would have been a habeas petition filed under 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001). However, the time to file such a petition has passed, as he is no longer in custody. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). To the extent that he seeks money damages, Claim 1 is barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (explaining that, in Heck, "the Supreme Court held that where success in a [42 U.S.C.] § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence"); see also id. at 177-78 (rejecting argument that Heck's favorable termination rule does not apply when the § 1983 plaintiff is no longer in custody).

Claims 2 and 3 allege that Fullman was deprived of certain property (i.e., a pair of socks and payment for his prison job). "'[A]n unauthorized intentional deprivation of property' by prison officials does not violate the Due Process Clause 'if a meaningful postdeprivation remedy for the loss is available.'" Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)). Fullman has indicated that post-deprivation administrative remedies were afforded to him, but he has not alleged facts demonstrating that those remedies were not meaningful. Accordingly, Claims 2 and 3 fail to state a viable due process claim. See id. Furthermore, given that

6

the District Court previously notified Fullman of the flaw in these claims and he failed to remedy it, there was no need for the court to grant him further leave to amend these claims. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

In light of the above, we will affirm the District Court's December 3, 2014 order. Fullman's motion for appointment of counsel is denied.